**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Everardo AGUILAR–MARTINEZ, also known as Ricardo Acuna–Dominguez, also known as Benito Acuna–Dominguez, Defendant–Appellant.**

No. 04–41616.
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided Feb. 23, 2006.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office, Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Laura Fletcher Leavitt, Assistant Federal Public Defender, Federal Public Defender's Office, Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before GARZA, DENNIS, and PRADO, Circuit Judges.

PER CURIAM: *

Everardo Aguilar–Martinez appeals his guilty-plea conviction of being found in the United States illegally. He argues that, under *United States v. Booker,* 543 U.S.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), the district court plainly erred in sentencing him under a mandatory application of the Sentencing Guidelines. Here, the district court erred by imposing a sentence pursuant to a mandatory application of the Guidelines. *See Booker,* 125 S.Ct. at 768; *see also United States v. Mares,* 402 F.3d 511, 520–21 & n. 9 (5th Cir.), *cert. denied,* —— U.S. ——, 126 S.Ct. 43, 163 L.Ed.2d 76 (2005). However, because Aguilar–Martinez has not shown that his sentence likely would have been different absent a mandatory application of the Guidelines, his argument fails. *See Mares,* 402 F.3d at 521.

Aguilar–Martinez also argues that because this error is structural in nature, reversal is required without any plain-error analysis or at least that prejudice should be presumed. However, he correctly recognizes that this argument is foreclosed. *See United States v. Martinez–Lugo,* 411 F.3d 597, 601 (5th Cir.), *cert. denied,* —— U.S. ——, 126 S.Ct. 464, 163 L.Ed.2d 352 (2005).

Aguilar–Martinez also argues that the penalty provisions of 8 U.S.C. § 1326(b) are unconstitutional under *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Aguilar–Martinez's constitutional challenge is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although Aguilar–Martinez contends that *Almendarez–Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez–Torres* in light of *Apprendi,* we have repeatedly rejected such arguments on the basis that *Almendarez–Torres* remains binding. *See United States v. Garza–Lopez,* 410 F.3d 268, 276 (5th Cir.), *cert. denied,* —— U.S. ——, 126 S.Ct. 298, 163 L.Ed.2d 260 (2005). Aguilar–Martinez properly concedes that

his argument is foreclosed in light of *Almendarez–Torres* and circuit precedent, but he raises it here to preserve it for further review.

The judgment of the district court is AFFIRMED.